UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JOSE M. CORREA,

                Plaintiff,

   -against-

Warden SUZANNE HASTINGS, et al.,

                Defendants.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-18-14

13 Civ. 05862 (PAC) (SN)

**<u>ORDER ADOPTING REPORT
& RECOMMENDATION</u>**

HONORABLE PAUL A. CROTTY, United States District Judge:

    *Pro se* plaintiff Jose M. Correa ("Correa") brings this action under 42 U.S.C. § 1983, alleging that, while he was a pretrial detainee at the Metropolitan Correctional Center ("MCC"), Defendants Suzanne Hastings ("Hastings"), the former Warden of the MCC, and Adam Johnson ("Johnson"), the Supervisory Staff Attorney for the Bureau of Prisons' Consolidated Legal Center of New York (collectively, "Defendants"), failed to protect him and were deliberately indifferent to his serious medical condition in violation of the Eighth Amendment. Specifically, Plaintiff alleges that Defendants failed to protect him from a razor blade attack by another prisoner on July 9, 2012; and thereafter were deliberately indifferent to his ensuing medical needs. Defendants move to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

1

## BACKGROUND[1]

On August 16, 2013, Correa filed a form complaint in this action naming Hastings, Johnson, and the MCC as defendants. (Dkt. 2). On September 20, 2013, the Honorable Loretta Preska dismissed the claims against the MCC *sua sponte*. (Dkt. 4). Judge Preska interpreted the remaining claims as "failure to protect" and "denial of medical care" and instructed Correa to file an amended complaint containing specific information about each claim. (*Id.*).

Correa filed a First Amended Complaint ("FAC") on December 6, 2013. (Dkt. 6). He added a full page of factual allegations and attached four new documents. (FAC at 8-17). On April 24, 2014, Defendants moved to dismiss the FAC for lack of subject matter jurisdiction and failure to state a claim, and raised the affirmative defense of failure to exhaust administrative remedies under the Prison Litigation Reform Act of 1995 (the "PLRA"), 42 U.S.C. § 1997. (Dkt. 18). Correa did not respond to the motion after both Defendants and the Court notified him of its pendency. (Dkt. 22, 23, 24, 25).

On July 16, 2014, Magistrate Judge Sarah Netburn issued a Report and Recommendation ("R & R") that Defendants' motion to dismiss under Rule 12(b)(1) be denied; that Defendants' motion to dismiss under Rule 12(b)(6) be granted; and that Plaintiff's admitted failure to exhaust his administrative remedies be excused. Magistrate Judge Netburn also recommends that Correa be granted leave to amend both claims. (R & R at 23-24, 26-27).

## DISCUSSION

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party makes a timely written objection, the district court must review the

---

[1] For the facts of this case, see Magistrate Judge Netburn's R & R. (Dkt. 26).

contested issues *de novo*. *See Arista Records LLC v. Doe*, 604 F.3d 110, 116 (2d Cir. 2010). "However, where a party does not submit a timely objection, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *Martinson v. U.S. Parole Comm'n*, 2005 WL 1309054, at *3 (S.D.N.Y. June 1, 2005).

Defendants argue that the R & R erred in finding that Correa had demonstrated that his failure to exhaust administrative remedies was justified. Upon *de novo* review of Plaintiff's claims regarding his justification for failing to exhaust administrative remedies, the Court agrees with Magistrate Judge Netburn's conclusions and adopts the R & R in its entirety for the following reasons.

The Prison Litigation Reform Act provides that an inmate must exhaust all available administrative remedies prior to filing a lawsuit in federal court. 42 U.S.C. § 1997e(a). Failure to comply with the exhaustion requirement is only excused under one of the following three circumstances:

> (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement.

*Ruggiero v. Cnty. of Orange*, 467 F.3d 170, 175 (2d Cir. 2006) (citing *Hemphill v. N.Y.*, 380 F.3d 680, 686 (2d Cir. 2004)).

The R & R finds that, "[d]rawing all inferences in Correa's favor and accepting his allegations as true, Correa has plead facts regarding his justification for non-exhaustion that may be sufficient to withstand the defendants' affirmative defense." R & R at 18. This is a very close case, but in view of the liberal construction to which *pro se* plaintiffs are entitled, as well as the inferences drawn in favor of a non-moving party on a motion to dismiss, the Court agrees and

finds that Correa's complaint pleads facts regarding non-exhaustion sufficient to survive a motion to dismiss.

Defendants' objections delineate the numerous elements missing from Correa's complaint regarding his justification for failure to exhaust. Objections at 8-9, 11-14. Correa fails to provide the name of the prison official to whom he spoke about the grievance process, when or where that conversation took place, or the substance of the conversation. *Id.* at 8. Correa's complaint does not detail how he was actively prevented from filing a grievance. *Id.* at 11. Moreover, Correa's complaint does not provide information regarding his misinterpretation of prison manuals, or that any such misinterpretation was reasonable. Objections at 12-13. There is no doubt that the factual gaps in Correa's complaint are significant. Indeed, Correa's complaint is at the outer limits, beyond which a complaint fails to allege sufficient justification for failure to exhaust. Defendants' objections, however, go to the weight of the evidence, and these gaps are insufficient to support dismissal of the complaint at this stage.[2]

Correa's complaint provides sufficient information to put Defendants on notice of the claims against them. The holdings of *Twombly* and *Iqbal* require that a plaintiff "plead facts sufficient to show that [his] claim has substantive plausibility," but "[h]aving informed the [defendants] of the factual basis for their complaint, [plaintiffs are] required to do no more to stave off threshold dismissal for want of an adequate statement of their claim." *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). Correa has provided factual allegations to support both his underlying claims as well as his justification for failure to exhaust. Accordingly, the complaint survives Defendants' motion to dismiss. The soundness of Correa's allegations can be

---

[2] One of the cases relied upon by Defendants in support of their argument that Correa's complaint fails to sufficiently demonstrate grounds for non-exhaustion addresses a motion for summary judgment, which provides a more stringent standard, not applicable here. *See Winston v. Woodward*, 2008 WL 2263191 (S.D.N.Y. May 30, 2008).

4

developed further during discovery, and this dearth of information may provide fruitful grounds for a summary judgment motion.

In light of the Court's finding that Plaintiff has adequately alleged justifications for his failure to exhaust administrative remedies, amendment of the Complaint would not be futile. Accordingly, Defendants' request that the Court decline to adopt the R & R's recommendation that Plaintiff be granted leave to amend is denied.

## CONCLUSION

For the foregoing reasons, and upon consideration of Defendants' objections, the Court adopts Magistrate Judge Netburn's R & R in its entirety. Defendants' motion to dismiss is granted in part and denied in part, and Plaintiffs' Complaint is dismissed with leave to amend. The Clerk of Court is directed to terminate the motion at Docket No. 18. The reference to Magistrate Judge Netburn is continued.

Dated: New York, New York  
       November 18, 2014

SO ORDERED

PAUL A. CROTTY  
United States District Judge

Copy Mailed By Chambers To:  
Jose M. Correa  
66711-054  
FCI Ray Brook  
Federal Correctional Institution  
P.O. Box 900