UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JOSE M. CORREA,

                               Plaintiff,

             -against-

Warden SUZANNE HASTINGS, et al.,

                             Defendants.

-----------------------------------------------------------------X

13-CV-05862 (PAC)(SN)

**REPORT AND RECCOMENDATION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/16/2015

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE PAUL A. CROTTY:**

Jose M. Correa, *pro se*, brings this action under 42 U.S.C. § 1983, alleging that while he was a pretrial detainee at the Metropolitan Correctional Center New York ("MCC"), the former Warden of MCC Suzanne Hastings and Supervisory Staff Attorney for the Bureau of Prisons' Consolidated Legal Center New York Adam Johnson (collectively, the "defendants"), failed to protect him and were deliberately indifferent to his serious medical condition in violation of the Due Process Clause of the Fifth Amendment. The action arises from injuries Correa sustained on July 9, 2012, at 6:20 p.m., when he was attacked by another inmate with a razor blade.

Before the Court is the defendants' motion to dismiss Correa's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Correa failed to plead facts sufficient to allege that the defendants were personally involved in failing to provide adequate medical care, and because Correa failed to allege facts sufficient to satisfy the deliberate indifference standard for a failure to protect claim, the Court recommends that the defendants' motion be GRANTED.

**BACKGROUND**

**I.     Background**

On August 16, 2013, Correa sued Suzanne Hastings, Adam Johnson, and MCC New York, alleging that a fellow inmate assaulted him with a razor blade in the MCC, resulting in a massive facial wound requiring 50 stitches to seal. (Compl., ECF No. 2, at 1, 3.) He alleged that MCC officers were slow to respond to the assault, and that he later suffered medical neglect when MCC staff did not conduct follow-up appointments or provide him with prescribed medication. (Id. at 3.)

On September 20, 2014, the Honorable Loretta A. Preska, *sua sponte*, dismissed the claims against MCC without leave to amend. (Order, ECF No. 4, at 4.) Judge Preska also dismissed Correa's medical indifference and failure to protect claims against the individual defendants but granted him leave to amend his complaint to plead facts adequate to support those claims. (Order, ECF No. 5, at 2-5.)

In Correa's First Amended Complaint, he added a full page of allegations titled "Facts of Case for Failure to Protect" and submitted copies of four documents completed by MCC staff following the assault. (Compl., ECF No. 6, at 8.) The defendants moved to dismiss, and Correa did not oppose.

The Court recommended that the defendants' motion to dismiss be granted and that Correa be granted leave to amend his complaint. The Court found that Correa had pleaded facts sufficient to support a medical indifference claim but had not alleged the personal involvement of the defendants. (R&R, ECF No. 26, at 21-23.) The Court granted Correa leave to plead facts that would establish the defendants' personal involvement or to add new defendants who were personally involved in the misconduct. (Id. at 23-24.) The Court also granted Correa leave to

amend his complaint to add facts supporting his failure to protect claim. (Id. at 26-27.) Specifically, the Court instructed:

> Regarding the objective component of deliberate indifference, Correa should consider (1) alleging any relevant past interactions with the prisoner who attacked him on July 9; (2) specifically describing past incidents of prisoner-on-prisoner attacks using blades removed from the orange razors; and (3) identifying the policies, safety measures, or monitoring procedures that are implemented in other MCC units but not in Correa's unit. With respect to the subjective component and personal involvement requirement, Correa should consider alleging specific facts as to which MCC employees were aware of the problem of razorblade attacks and which employees were involved in the creation of razor policies or involved in the decision to not implement such policies as were implemented in other MCC units. Correa should also state his basis for believing these facts to be true, that is, how he knows these alleged facts.

(Id. at 27.) Judge Crotty adopted the Court's R&R in its entirety.

On January 13, 2015, Correa filed a letter with the Court, (ECF No. 41), that the Court deemed to be Correa's Second Amended Complaint, (ECF No. 46). The defendants moved to dismiss. The Court directed Correa to file a response, but he never did. The Court deems the matter fully submitted.

## II.     Factual Allegations in the Second Amended Complaint

In his Second Amended Complaint, Correa newly asserted that Officer Derezil, who has not been named a defendant, had not "made his rounds" for 45 to 60 minutes before the fight. (ECF No. 41 at 2.) According to the complaint, fellow inmate Jiminez attacked Correa after they had been engaged in a verbal altercation "for at least ten minutes." (Id. at 1.) During that time, Officer Derezil was allegedly in his office on his computer, but "he should have been monitoring the inmates like his job title requires." (Id. at 2.) About 10 to 15 minutes after it began, unnamed

inmates broke up the assault. (Id. at 1.) Only afterward, when an inmate gave Correa a towel to stop the bleeding on his face, did Officer Derezil arrive. (Id.)

The attack required Correa to get 65 stitches and left his "face with permanent scars as well as low self-esteem," "mental anguish," and "depression." (Id.) He also "suffered unwanted pain, and physical disfigurement." (Id. at 2.)

## DISCUSSION

### I. Rule 12(b)(6) Standard of Review

When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must take "factual allegations [in the complaint] to be true and [draw] all reasonable inferences in the plaintiff's favor." Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009) (citation omitted). To state a legally sufficient claim, a complaint must allege "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). But a pleading that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). If the plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Twombly, 550 U.S. at 570. Further, "complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987).

A plaintiff bringing constitutional claims against federal agents under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), must allege facts sufficient to show that

4

all defendants, including those in supervisory roles, were personally involved in causing the alleged harm. See Iqbal, 556 U.S. at 676-77; Zappulla v. Fischer, 11 Civ. 6733 (JMF), 2013 WL 1387033, at *9 (S.D.N.Y. Apr. 5, 2013). When a Bivens claim does not require a showing of intent, a plaintiff can show personal involvement in at least one of five ways:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995). See Doe v. Whidden, 557 F. App'x 71, 72 n.1 (2d Cir. 2014) (declining to rule on Iqbal's effects on "the standards for establishing supervisory liability as articulated in Colon v. Coughlin"); Sash v. United States, 674 F. Supp. 2d 531, 544 (S.D.N.Y. 2009) ("Where the constitutional claim does not require a showing of discriminatory intent, but instead relies on the unreasonable conduct or deliberate indifference standards of the Fourth and Eighth Amendments, the personal involvement analysis set forth in Colon v. Coughlin may still apply.")

When determining the sufficiency of a complaint, the Court may consider "the factual allegations in [the] complaint . . . documents attached to the complaint as an exhibit or incorporated in it by reference . . . matters of which judicial notice may be taken, [and] documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993). Additionally, "failure to oppose a 12(b)(6) motion cannot itself justify dismissal of a complaint." Haas v.

Commerce Bank, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (citing McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000)).

Where the motion to dismiss is unopposed, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." McCall, 232 F.3d at 322-23. When the plaintiff is proceeding *pro se*, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests," Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks and brackets omitted), "particularly when [the pleadings] allege civil rights violations." McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). "Even in a *pro se* case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis, 618 F.3d at 170 (internal quotation marks omitted) (quoting Harris, 572 F.3d at 72).

**II.     Analysis**

Strictly speaking, a person in federal pretrial detention "receives protection against mistreatment at the hands of prison officials under the Due Process Clause of the Fifth Amendment." Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009). But courts in the Second Circuit use the Eighth Amendment deliberate indifference standard to analyze a pretrial detainee's claims of medical indifference and failure to protect. Id. at 72; Cuoco v. Moritsugu, 222 F.3d 99, 106 (2d Cir. 2000). But see Kingsley v. Hendrickson, 135 S. Ct. 2466, 2472-73 (2015) (applying an objective standard to a pretrial detainee's excessive force claim).

**A.     Inadequate Medical Care**

To establish an Eighth Amendment claim based on inadequate medical care, a prisoner must allege "deliberate indifference to [his] serious medical needs." Estelle v. Gamble, 429 U.S.

6

97, 104 (1976). A deliberate indifference claim must meet two requirements. "First, the alleged deprivation must be, in objective terms, sufficiently serious." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (internal quotation marks omitted). "The second requirement is subjective: the charged officials must be subjectively reckless in their denial of medical care." Spavone v. New York State Dep't of Corr. Servs., 719 F.3d 127, 138 (2d Cir. 2013). A plaintiff must also allege facts sufficient to show that a defendant personally took actions that satisfy these elements of deliberate indifference. See Colon, 58 F.3d at 873; D'Olimpio v. Crisafi, 718 F. Supp. 2d 340, 347 (S.D.N.Y. 2010) (finding that Colon's analysis should be applied to Eighth Amendment claims of deliberate indifference).

Correa's First Amended Complaint met the objective component of deliberate indifference. He alleged a nearly complete lack of follow-up care after his face was stitched, and his injuries were "sufficiently serious" to meet the standard. (See R&R, ECF no. 26, at 21-22). The First Amended Complaint also pleaded facts that met the test's subjective prong by showing that certain MCC officers were aware of Correa's medical needs but took no action to address them. See id. at 23. But Correa failed to establish a medical indifference claim because he did not plead facts that showed *the defendants'* personal involvement in the alleged indifference. (See id.)

The Court granted Correa leave to amend his complaint to include facts establishing the defendants' personal involvement or to name new defendants who had personal involvement in the alleged mistreatment. (See id. at 24.) But Correa's Second Amended Complaint did not allege any new facts regarding his medical treatment, and he did not name any new defendants implicated in his medical indifference claim. Thus, he failed to address the deficiencies in his First Amended Complaint. The medical indifference claim should be dismissed.

B.     **Failure to Protect**

"The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody." Hayes v. New York City Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996) (citing Farmer, 511 U.S. at 832). Accordingly, "under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Randle v. Alexander, 960 F. Supp. 2d 457, 471 (S.D.N.Y. 2013) (internal quotation marks and citation omitted). To withstand a Rule 12(b)(6) motion to dismiss, a failure to protect claim must satisfy the objective and subjective components of the deliberate indifference standard. See Hathaway, 37 F.3d at 66.

First, "[f]or the objective component . . . 'the inmate must show that he [was] incarcerated under conditions posing a substantial risk of serious harm.'" Randle, 960 F. Supp. 2d at 473 (quoting Farmer, 511 U.S. at 845). An inmate must show "a condition of urgency" that "grave harm was 'actual or imminent.'" Dublin v. New York City Law Dep't, 10 Civ. 2971 (LAP), 2012 WL 4471306, at *5 (S.D.N.Y. Sept. 26, 2012) (quoting Benjamin v. Fraser, 343 F.3d 35, 51 (2d Cir. 2003)) (internal quotation marks omitted).

Second, for the subjective component, "the prison official must have a sufficiently culpable state of mind." Randle, 960 F. Supp. 2d at 473 (alteration and internal citation omitted). The official must have "[had] knowledge that an inmate faced a substantial risk of serious harm and . . . [disregarded] that risk by failing to take reasonable measures to abate the harm." Hayes, 84 F.3d at 620. A plaintiff can satisfy this burden by alleging "that the defendants knew of a history of prior inmate-on-inmate attacks similar to the one suffered by the plaintiff and that the measures they should have taken in response to such prior attacks would have prevented the attack on the plaintiff." Parris v. New York State Dep't Corr. Servs., 947 F. Supp. 2d 354, 363

(S.D.N.Y. 2013). Absent notice of a risk of harm to a prisoner, "[c]ourts routinely deny deliberate indifference claims based on surprise attacks." Id. (internal quotation marks omitted).

Correa's First Amended Complaint failed to satisfy both the objective and subjective requirements of a failure to protect claim. (See R&R, ECF no. 26, at 26.) To meet the objective requirement, the Court granted Correa leave to amend his complaint to plead facts showing that he had faced imminent harm. (Id. at 26-27.) Such facts might include past altercations with the prisoner who attacked him, past incidents of prisoner attacks using razor blades, and policies and safety measures implemented elsewhere in the MCC but not enforced in Correa's unit. (See id. at 27.) To meet the subjective requirement, the Court granted Correa leave to amend his complaint to allege facts that would show that the defendants were aware of the risk of razor attacks against Correa or of safety policies that were not followed in Correa's unit. (See id.)

Correa's Second Amended Complaint named Officer Derezil for the first time, but it failed to address the deficiencies the Court identified in his First Amended Complaint. With respect to the objective requirement, Correa asserted that the risk of harm was "obvious" at the time of his attack, but he did not plead specific facts that would support that conclusion. (See Doc. 41 at 2.) With respect to the subjective requirement, Correa alleged that Officer Derezil was looking at a computer when he "should have been monitoring the inmates," but this allegation shows only that Officer Derezil was negligent in his supervision, not that he was deliberately indifferent. See Fernandez v. New York City Dep't of Corr., 08-cv-4294 (KMW), 2010 WL 1222017, at *4 (S.D.N.Y. Mar. 29, 2010) (an allegation that an officer was at another station "joking around" during an assault "at most supports a claim of negligence"); Zimmerman v. Macomber, 95-cv-0882 (DAB), 2001 WL 946383, at *6 (S.D.N.Y. Aug. 21, 2001) (an allegation that an officer was not stationed at his desk does not present a constitutional question); Grant v.

Burroughs, 96-cv-2753 (MGC), 2000 WL 1277592, at *3 (S.D.N.Y. Sept. 8, 2000) (similar). Even if the Court construes the Second Amended Complaint to name Officer Derezil as a defendant, Correa has not shown that Officer Derezil recklessly disregarded a risk to Correa's well-being. And Correa made no new allegations showing that defendants Hastings or Johnson knew of and disregarded such a risk.

In short, Correa's Second Amended Complaint failed to allege "that there is a history of serious inmate-on-inmate assaults" in Correa's housing unit, "that the defendants knew of any such history, or that such prior assaults were similar enough to the attack he suffered that remedial actions would have prevented that attack." Parris, 947 F. Supp. 2d at 363. Thus, the defendants' motion to dismiss should be granted with respect to Correa's failure to protect claim.

### C. Leave to Amend

"A pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Nielsen, 746 F.3d at 62 (quoting Chavis, 618 F.3d at 170). In granting Correa leave to amend his First Amended Complaint, the Court advised Correa that "in light of the guidance provided in the Court's sua sponte dismissal order regarding this claim and his failure to add substantive and specific responsive facts in his First Amended Complaint, the Court will be disinclined to grant any further opportunities for Correa to amend his complaint." (R&R, ECF no. 26, at 27.) Because Correa's Second Amended Complaint still fails to overcome the motion to dismiss standard, the Court finds that granting Correa an additional opportunity to amend his complaint would be futile.

## CONCLUSION

For these reasons, the Court recommends that the defendants' motion to dismiss be GRANTED and the case be dismissed with prejudice.

\*     \*     \*

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Crotty. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         September 16, 2015

11

cc:	Jose M. Correa (*By Chambers*)
	Reg. No. 66711-054
	FCI Ray Brook
	P.O. Box 900
	Ray Brook, NY 12977