```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 2, 2015

------------------------------------------------------- x
JOSE M. CORREA,

                    Plaintiff,

          - against -

Warden SUZANNE HASTINGS, et al.,

                    Defendants.
------------------------------------------------------- x

13 Civ. 5862 (PAC) (SN)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Jose M. Correa brings this 42 U.S.C. § 1983 *pro se* action against defendants Metropolitan Correctional Center New York (MCC), former MCC Warden Suzanne Hastings, and Supervisory Staff Attorney for the Bureau of Prisons' Consolidated Legal Center New York Adam Johnson. Correa's Complaint alleges that defendants failed to protect him and were deliberately indifferent to his serious medical condition in violation of the Due Process Clause of the Fifth Amendment. The action arises from injuries Correa sustained on July 9, 2012, when he was attacked by another inmate with a razor blade.

On September 20, 2013, the Honorable Loretta A. Preska dismissed *sua sponte* the claims against MCC without leave to amend. Chief Judge Preska also dismissed Correa's medical indifference and failure to protect claims against the individual defendants; but granted leave to amend the complaint to plead facts adequate to support those claims. Correa filed his First Amended Complaint December 6, 2013, and defendants moved this Court to dismiss April 24, 2014. The matter was referred to Magistrate Judge Sarah Netburn.

On July 16, 2014, Magistrate Judge Netburn issued a Report & Recommendation (R&R) in which she recommended that the defendants' motion to dismiss be granted and that Correa again be

1

granted leave to amend his complaint. Over defendants' objections, the Court adopted Magistrate Judge Netburn's R&R in full. The Court granted Correa leave to plead facts that would establish the defendants' personal involvement or to add new defendants who were personally involved in the misconduct. The Court also granted Correa leave to amend his complaint to add facts supporting his failure to protect claim.

On January 13, 2015, Correa filed a letter that the Court deemed to be Correa's Second Amended Complaint. Defendants again moved to dismiss. That complaint added a new defendant who allegedly failed to monitor inmates "like his job title requires." (Dkt. 41 at 2.) The Court directed Correa to file a response, but he failed to do so. On September 16, 2015, Magistrate Judge Netburn issued a second R&R, recommending that the Court grant defendants' motion to dismiss. In accordance with 28 U.S.C. § 636(b)(1), Fed. R Civ. P. 6(a), (d), 72(b), Magistrate Judge Netburn provided fourteen days from the service of the R&R for written objections and specifically advised that "failure to file these timely objections will result in a waiver of those objections for the purposes of appeal." Correa has not filed any objections to the R&R.

"To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The Court finds no error in Magistrate Judge Netburn's R&R and accordingly adopts its findings as its own.

Correa's Second Amended Complaint did not allege any new facts regarding his medical treatment or name any new defendants implicated in his medical indifference claim. Nor did Correa's Second Amended Complaint allege "that there is a history of serious inmate-on-inmate assaults" in Correa's housing unit, "that the defendants knew of any such history, or that such prior assaults were similar enough to the attack he suffered that remedial actions would have prevented that attack." *Parris v. New York State Dep't Corr. Servs.*, 947 F. Supp. 2d 354, 363 (S.D.N.Y. 2013). Correa thus

failed to address the specific deficiencies noted by Magistrate Judge Netburn when she issued her R&R on the First Amended Complaint. The Court agrees with Magistrate Judge Netburn that because Correa's Second Amended Complaint fails to overcome the motion to dismiss standard, granting Correa a third opportunity to amend the complaint would be futile.

Correa's Second Amended Complaint is DISMISSED with prejudice in its entirety. The Clerk is directed to enter judgment and terminate the case. Pursuant to 28 U.S.C. § 1915(a)(3), the Court finds that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).

Dated: New York, New York
      November 2, 2015

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies mailed to:

Jose M. Correa
66711-054
FCI Ray Brook
Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977